1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

11

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13 | JACK CLARK,

CASE NO. CV F 10-0426 LJO SMS

14 |           Plaintiff,

**ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS**
(Doc. 17.)

15 |    vs.

16 | UNITED STATES OF AMERICA, et al.,

17 |           Defendants.
                           /

18
19

**<u>INTRODUCTION</u>**

20

      Defendant United States of America ("Government") seeks to dismiss pro se plaintiff Jack

21

Clark's ("Mr. Clark's") federal tax assessment and collection claims as barred by sovereign immunity

22

and in turn absence of this Court's subject matter jurisdiction. Defendants Internal Revenue Service

23

("IRS") and IRS Revenue Officer Dennis Stiffler ("Officer Stiffler") seek their dismissal as improper

24

defendants.  Mr. Clark's opposition papers address irrelevant matters and largely attempt to discredit

25

defendants but fail to target defendants' challenges to this Court's subject matter jurisdiction. This Court

26

considered the Government, IRS and Officer Stiffler's (collectively "defendants'") F.R.Civ.P. 12(b)(1)

27

motion to dismiss on the record and VACATES the April 29, 2010 hearing, pursuant to Local Rule

28

230(g).  For the reasons discussed below, this Court DISMISSES this action.

1

## **BACKGROUND**

2

### **Mr. Clark's Claims**

3          This action arises out Mr. Clark's $676,535.30 assessed federal tax liability for 1995 and 1997-

4    2004.[1]  Mr. Clark proceeds on his "First Amended Complaint for Unlawful Collection Activity under

5    Color of the Internal Revenue Laws" ("FAC") to allege 11 "counts" (claims) of defendants' failures to

6    comply with the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 1, et seq., to collect the tax liability.[2]  The

7    FAC alleges a twelfth claim of violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701,

8    et seq., in absence of "access to judicial review."  The FAC disputes "the unlawful collection activity

9    and taking of personal property by the Defendants as a result of the intentional violations of procedural

10   and substantive Due Process under color of the internal revenue laws."

11          The FAC alleges, among other things, that defendants:

12          1.     Failed to make proper tax assessments;

13          2.     Issued improper notices of federal tax liens, levies and deficiencies;

14          3.     Committed "procedural violations";

15          4.     Failed to provide notice of Mr. Clark's "collection due process rights";

16          5.     Failed to release notices of tax liens;

17          6.     Failed to obtain necessary approvals;

18          7.     Harassed and had "unauthorized communication" with parties with whom Mr. Clark

19                 contracted to provide "painting services";

20          8.     Engaged in "unlawful collection activity";

21          9.     Disclosed Mr. Clark's Social Security number without authorization; and

22          10.    Failed to respond to Mr. Clark's "administrative claims."

23          The FAC seeks to recover more than $1.3 million statutory damages, discharge of the

24   $676,535.30 tax liability, and an injunction of collection.

25   / / /

26   _____

27          [1]      The Government characterizes Mr. Clark as "a long-standing tax defier."

28          [2]      Unless otherwise noted, all statutory references will be to the Internal Revenue Code, United States Code,
     Title 26.

2

**Defenses**

The Government contends that Mr. Clark's claims are barred in the absence of waiver of sovereign immunity and this Court's subject matter jurisdiction.  The Government argues that Mr. Clark's challenges are disallowed "unless a taxpayer first pays the income taxes due and files an administrative claim for refund."  The IRS and Officer Stiffler  contest their status as defendants in that Mr. Clark may seek relief only against the Government.

**DISCUSSION**

**F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards**

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).  Limits on federal jurisdiction must neither be disregarded nor evaded.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).  A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).  In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").  No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

"The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993).  "[T]he burden of proof is on the plaintiff to support allegations of

1    jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v.*
2    *Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982).

3          With these standards in mind, this Court turns to defendants' challenges to the FAC.

4    **<u>Government As Proper Defendant</u>**

5          The Government contends that it, not Officer Stiffler, is the proper defendant given that the FAC
6    proceeds against Officer Stiffler in his official capacity.  The Government notes that "suits against
7    federal officers acting in their official capacity are suits against the United States."  *See Smith v.*
8    *Rossotee*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (dismissing claims against IRS employees in their
9    official capacity in that "Plaintiff may only seek relief for actions of these individuals [IRS employees]
10   taken in their official capacities from the United States, not from the individual defendants"); *see also*
11   *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982) (affirming dismissal of individual defendant
12   Government employees sued in their official capacities).

13         The Government further notes that the IRS is not subject to suit.  "The Department of Treasury
14   and the Internal Revenue Service are not entities subject to suit and they should be dismissed." *Krouse*
15   *v. U.S. Government Treasury Dept. I.R.S.*, 380 F.Supp. 219, 221 (C.D. Cal. 1974) (citing *Blackmar v.*
16   *Guerre*, 342 U.S. 512, 72 S.Ct. 410 (1952)); *see Tekle v. U.S.*, 2002 WL 1988178, at *5 (C.D. Cal. 2002)
17   ("Since the IRS is not an entity subject to suit, it is hereby DISMISSED").

18         In addition, the Government notes that section 7433(a), which the FAC identifies, limits relief
19   against the Government in that a "taxpayer may bring a civil action for damages against the United
20   States in a district court of the United States."

21         Mr. Clark offers no meaningful challenge to dismissal of the IRS and Officer Stiffler.  Mr.
22   Clark's claims of "harassing and unauthorized communication" fail to substantiate that the IRS and
23   Officer Stiffler are proper defendants.  As such, the IRS and Officer Stiffler are dismissed, and this Court
24   focuses on Mr. Clark's claims against the Government.

25   **<u>Sovereign Immunity</u>**

26         The Government argues that the FAC lacks a "statutory waiver of sovereign immunity for what
27   are claims against" the Government.  As such, the Government contends that the FAC fails to establish
28   this Court's subject matter jurisdiction.

1  "The United States, as sovereign, is immune from suit save as it consents to be sued." *United*

2  *States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941). "There cannot be a right to money

3  damages without a waiver of sovereign immunity." *Testan*, 424 U.S. at 400, 96 S.Ct. at 954. "[T]he

4  United States may not be sued without its consent and that the existence of consent is a prerequisite for

5  jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983).

6  A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed.

7  *See United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-954 (1976). "[S]tatutes which are

8  claimed to be waivers of sovereign immunity are to be strictly construed against such surrender."

9  *Safeway Portland Emp. Federal Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th

10  Cir. 1974).

11  A party bringing a cause of action against the federal government bears the burden of showing

12  an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert.*

13  *denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). "Thus, the United States may not be sued

14  without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*,

15  817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988). "The question

16  whether the United States has waived its sovereign immunity against suits for damages is, in the first

17  instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d at 560. "Absent consent to sue,

18  dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

19  As discussed below, Mr. Clark fails to substantiate a waiver of sovereign immunity to warrant

20  dismissal of claims against the Government.

21  **28 U.S.C. § 1346 – Limited Waiver Of Sovereign Immunity**

22  The FAC alleges this Court's jurisdiction under 28 U.S.C. § 1346 ("section 1346"), which

23  permits actions against the Government "for the recovery of any internal-revenue tax alleged to have

24  been erroneously or illegally assessed or collected . . ." 28 U.S.C. § 1346(a). The Government contends

25  that Mr. Clark "fails to fit" into section 1346 waivers of sovereign immunity in that section 7422(a)

26  requires payment of income taxes due and an administrative refund claim.

27  Mr. Clark responds that since he does not seek a refund, he need not comply with the "pay first,

28  litigate later" doctrine.

Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . ., until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." "Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. The first is § 7422(a), which, tracking the language of § 1346(a)(1), limits a taxpayer's right to bring a refund suit . . ." *U.S. v. Dalm*, 494 U.S. 596, 601, 110 S.Ct. 1361 (1990). The U.S. Supreme Court has further explained: "[T]he Government has a substantial interest in protecting the public purse, an interest which would be substantially impaired if a taxpayer could sue in a District Court without paying his tax in full . . . § 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora v. U.S.*, 362 U.S. 145, 175, 177, 80 S.Ct. 630 (1960).

The Government notes that Mr. Clark has not paid his tax assessments and that the FAC fails to allege that Mr. Clark "filed an administrative claim for a refund." The Government points to the Form 4340, Certificates of Assessment which "conclusively demonstrate that Plaintiff has not fully paid the income tax and penalty assessments." The Government concludes that this Court lacks subject matter jurisdiction in the absence of Mr. Clark's full payment of assessments and administrative claim filing.

Mr. Clark responds that he has exhausted section 7433 administrative remedies to render "necessity for statutory exhaustion under § 7422 of any kind moot." Mr. Clark accuses the Government of knowing that Mr. Clark "did not file a cause of action under § 7422, and is not seeking a refund!"

The Government points out that subject matter jurisdiction does not arise from section 1346(b)(1), which permits federal actions for "claims against the United States, for money damages . . . For injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . ." 28 U.S.C. § 1346(b)(1). The Government points out that although section 1346(b)(1) permits actions subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, 28 U.S.C. § 2680(c) provides an exception to FTCA suits of "[a]ny claim arising in respect of the assessment or collection of any tax."

6

*See Blehm v. McIntyre*, 2008 WL 5381305, * 3 (S.D. Cal. 2008) ("United States revokes consent under the FTCA for '[a]ny claim arising in respect of the assessment or collection of any tax ... by any officer of customs or excise or any other law enforcement officer.'").

Section 1346(e) grants federal jurisdiction for actions under several IRC sections, which the Government contends are inapplicable in that:

1.    Sections 6226 and 6628(a) address partnerships;

2.    Section 7426 permits suits for wrongful levy by "any person (other than the person against whom is assessed the tax out of which such levy arose)"; and

3.    Section 7428 addresses declaratory relief as to an organization's tax exempt or charitable status.

Section 1346(f) authorizes "civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." However, such interest is "other than a security interest." 28 U.S.C. § 2409a(a). As such, the Government contends that section 1346(f) does not invoke district court jurisdiction "to adjudicate the validity of a federal lien." The Government points out the FAC's failure to "identify any real estate."

The remaining section 1346(g) sovereign immunity waiver permits civil actions "by a covered employee" under 3 U.S.C. § 453(2). The Government points out that only employees of the President and Vice President have standing to sue under 3 U.S.C. § 401(a) to invoke jurisdiction under section 1346(g).

The Government convincingly demonstrates absence of jurisdiction under section 1346 to support Mr. Clark's claims. Mr. Clark offers no meaningful challenge to the absence of jurisdiction under section 1346.

### Section 7433 – Unauthorized Collections

The FAC alleges this Court's jurisdiction under section 7433, which authorizes civil actions for IRC violations "in connection with any collection of Federal tax with respect to a taxpayer." 26 U.S.C. § 7433(a). The Government argues that to invoke jurisdiction under section 7433, a plaintiff must allege federal tax collection, not federal tax determination or assessment. The Government accuses the FAC to use section 7433 as a "guise" to dispute taxes owed by Mr. Clark.

"[S]ection 733's limited waiver to the government's sovereign immunity must be read narrowly." *Allied/Royal Parking L.P. v. U.S.*, 166 F.3d 1000, 1003 (9th Cir. 1999). The Fifth Circuit Court of Appeals has explained that under "the plain language of the statute [section 7433], which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for improper assessment of taxes." *Shaw v. U.S.*, 20 F.3d 182, 184 (5th Cir.), *cert. denied*, __ U.S. __, 115 S.Ct. 635 (1994); *see Miller v. U.S.*, 66 F.3d 220, 223 (9th Cir. 1995) ("we align ourselves with the Fifth Circuit"). "'An action under this provision [section 7433] may not be based on alleged reckless or intentional disregard in connection with determination of tax.'" *Miller*, 66 F.3d at 223 (quoting H.R.Conf.Rep. No. 1104, 100th Cong. 2d Sess. 229 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5048, 5289)). "Because [plaintiff taxpayer] is challenging only the determination of the tax, the claim is not actionable under § 7433 of the Internal Revenue Code." *Miller*, 66 F.3d at 223.

The Government explains that in a section 7433 action, a taxpayer plaintiff is unable to "challenge the amount of the assessments against her or claim that she does not owe them." "Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court. 26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures." *Gonsalves v. U.S.*, 975 F.2d 13, 16 (1st Cir. 1992). "Taxpayers can challenge the validity of a tax assessment or collection in a district court only after paying the disputed tax and then filing an administrative claim for a refund or credit with the Secretary of the Treasury." *Evans-Hoke v. Paulson*, 503 F.Supp.2d 83, 86 (D. D.C. 2007) (citing 26 U.S.C. § 7422(a)). The "failure of Congress to provide a remedy for injuries arising from tax assessment was not inadvertent." *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 112-113 (2nd Cir. 2005).

The Government points to FAC allegations to challenge that Mr. Clark's assessments "were for a tax he owed" given that the FAC characterizes the assessed balance as an "amount allegedly owed." The Government notes that in his purported section 7433(d)(1) administrative claim, Mr. Clark stated that the IRS failed to "impose" or "establish the existence of" Mr. Clark's tax liability. The Government concludes no jurisdiction exists under section 7433 given Mr. Clark's failure to acknowledge the Government's tax assessment.

8

The Government points to other failures to invoke jurisdiction under section 7433. The Government notes noncompliance with 26 C.F.R. § 301.7433-1(e)(2)(ii) and (iii) regarding administrative claim omissions, such as, "grounds" specified "in reasonable detail" and a "description of the injuries incurred by the taxpayer filing the claim (includ[ing] copies of any available substantiating evidence)." A fellow district court has explained that the IRS "has promulgated regulations that mandate that damages actions under Section 7433 'may not be maintained unless the taxpayer has filed an administrative claim.' 26 C.F.R. § 301.7433-1(e). . . The regulations also make clear that the taxpayer should include any supporting documentation, evidence, and correspondence with the IRS." *Hallinan v. U.S.*, 498 F.Supp.2d 315, 317-318 (D. D.C. 2007).

The Government points to section 7433(d)(1) which conditions an action for wrongful collection on exhaustion of administrative remedies. To show such a waiver of sovereign immunity, a taxpayer plaintiff "must have exhausted the administrative remedies available to the plaintiff within the Internal Revenue Service. I.R.C. 7433(d)(1). An administrative claim must have been filed in accordance with Treas. Reg. 301.7433-1(e)." *Neiwald v. IRS*, 73 F.3d 373 (10th Cir. 1996) (table), 1996 WL 5551, at *1; *see Chow v. United States*, 1994 WL 192112, at *3, n. 5 (failure to allege that administrative claim satisfied 26 C.F.R. § 301.7433-1(e) doomed section 7433 action).

The Government argues that Mr. Clark's "purported administrative claim lacks any substantiation or evidence" and "merely (and incorrectly) alleges a violation of a laundry list of Internal Revenue Code provisions in an improper effort to collaterally attack the tax and penalty assessments." The Government notes the absence of description of Mr. Clark's injuries and their description and proof. The Government concludes that Mr. Clark has failed to exhaust administrative remedies to preserve a claim for damages and to invoke this Court's subject matter jurisdiction.

Mr. Clark responds that he "meticulously spelled out his exhaustion under § 7433" but fails to explain or identify such exhaustion. Mr. Clark's claim that "failure to exhaust is no basis for dismissal but rather an affirmative defense" is unavailing given that exhaustion is required to invoke this Court's jurisdiction. A plaintiff "may not bring [an] action against the United States under 26 U.S.C. § 7433 without exhausting her administrative remedies" in that "[t]he court lacked jurisdiction to hear her." *Conforte v. U.S.*, 979 F.2d 1375, 1377 (9th Cir. 1993).

9

1   The Government is correct that Mr. Clark improperly attempts to use section 7433 to invoke this

2   Court's jurisdiction.   Mr. Clark's failure to satisfy exhaustion requirements robs this Court of

3   jurisdiction under section 7433.

4   <u>**Quiet Title**</u>

5   Mr. Clark argues that he properly challenges "the procedural validity of the notices of federal tax

6   lien and notices of levy in his quiet title action under 28 U.S.C. § 2410." The Government responds that

7   the IRS tax liens "are procedurally valid" and that Mr. Clark improperly attempts to challenge his tax

8   assessments.

9   28 U.S.C. § 2410 ("section 2410") permits naming the Government in a civil action "to quiet title

10  to . . . real or personal property on which the United States has or claims a mortgage or other lien." The

11  Ninth Circuit Court of Appeals has "strictly limited the reach and application" of section 2410. *Hughes*

12  *v. U.S.*, 953 F.2d 531, 538 (9th Cir. 1992). "A taxpayer may not use a section 2410 action to collaterally

13  attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax

14  lien." *Hughes*, 953 F.2d at 538. ("To the extent that the Hugheses are attempting to challenge the merits

15  of the assessment, jurisdiction is lacking under § 2410. Therefore, the Hugheses' broad claims that the

16  tax deficiencies are null and void, and that no lawful assessments even exist, are jurisdictionally

17  barred.")

18  The Government notes that the FAC attempts to dispute Mr. Clark's tax liability in that it alleges

19  he is not liable for tax in that the "fair market value of his labor" was equal to the compensation he

20  received to deprive him of taxable profit or gain. The Government construes such allegations to "speak

21  only to the substantive merits of the tax assessments against Plaintiff, and not the procedural validity of

22  the tax liens." The Government points to *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990), where the

23  Ninth Circuit rejected a section 2410 claim based on allegations that an IRS lien was invalid because

24  the IRS did not send a valid notice of assessment and demand for payment.

25  The Government is correct that a section 2410 quiet title action fails as a platform for Mr. Clark's

26  claims. Moreover, the Government meticulously establishes proper tax assessments with the IRS Form

27  4340, Certificates of Assessment to further defeat Mr. Clark's claims. Mr. Clark is not entitled to base

28  claims under section 2410.

1

**Improper Disclosure**

2     Mr. Clark contends that the IRS violated section 6103 since tax liens revealed his Social Security

3 number.

4     "Section 6103 requires that tax returns and return information be kept confidential, subject to

5 specifically described exceptions."  *Schwarz v. U.S.*, 234 F.3d 428, 432 (9th Cir. 2000).   Section

6 6103(k)(6) permits disclosure of return information for "collection activity," including liens and levies.

7 "Section 6103(k)(6) and the pertinent regulations plainly indicate that disclosure of return information

8 necessary to accomplish collection activities, including the service of levies, issuance of summonses and

9 the filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section

10 6103(a)."  *Elias v. U.S.*, 1990 WL 264722, at *5, *aff'd mem.*, 974 F. 1341 (9th Cir. 1992).  "§ 6103(k)(6)

11 authorizes an IRS employee to disclose tax return information in the issuance of liens and levies. Thus,

12 the general rule is that liens and levies do not constitute unauthorized disclosures under § 6103."  *Long*

13 *v. United States*, 972 F.2d 1174, 1180 (10th Cir.1993).  In addition, the Government notes that 26 C.F.R.

14 § 301.6103(k)(6)-1(c)(2) authorizes Social Security number disclosure.  Moreover, recording of federal

15 tax liens a recorder's office "places information in the liens . . . in the public domain. Because

16 information in the public domain is no longer confidential there can be no violation of Section 6103 .

17 . ."  *William E. Schrambling Accountancy Corp. v. U.S.,* 937 F.2d 1485, 1490 (9th Cir.1991),*cert. denied*,

18 502 U.S. 1066, 112 S.Ct. 956 (1992).

19     Disclosure of Mr. Clark's Social Security number fails to support a claim, which further warrants

20 dismissal of this action.

21

**APA Jurisdiction**

22     The Government notes that APA sovereign immunity waiver does not apply to "suits involving

23 tax administration."  The Government argues that the FAC fails to invoke this Court's jurisdiction "via

24 the APA."

25     A fellow district court has explained inability of the APA to waive sovereign immunity in actions

26 such as this:

27         The APA generally provides for judicial review when a "person suffer[s a] legal
        wrong because of agency action." 5 U.S.C. § 702. This general grant of jurisdiction is,
28      however, inapplicable to situations in which "statutes preclude judicial review." *Id.* §

1    701(a)(1). . . . The APA is consequently insufficient to establish jurisdiction over claims
     regarding the assessment and collection of federal taxes." *Murphy v. Internal Revenue*
2    *Serv.*, 493 F.3d 170, 174 (D.C. Cir.2007)).

3    *Davis v. U.S.*, 569 F.Supp.2d 91, 95 (D. D.C. 2008).

4         Moreover, "to command the protection of the APA, the petitioner must advance some

5    independent basis for invoking the Court's subject matter jurisdiction." *Tolotti v. Jameson*, 1996 WL

6    467217, at *3 (citing *Califano v. Sanders*, 430 U.S. 99, 104-07, 97 S.Ct. 980 (1977)). "The APA does

7    not override statutes which prohibit a party from seeking the relief sought or affect other limitations on

8    judicial review." *Tolotti*, 1996 WL 467217, at *3.

9         Mr. Clark argues that "the question of law remains unresolved as to who gave IRS the authority

10   to enforce a statute beyond the limiting scope of its statutory authority to levy beyond what is spelled

11   out in § 6331 of the internal revenue laws." Mr. Clark continues that "Congress did not provide a format

12   for judicial review for a challenge to the *proper enforcement* of 26 U.S.C. § 6331(a)." As such, Mr.

13   Clark concludes that he has "invoked the tenable jurisdiction of the Administrative Procedure Act

14   (APA), having no access to judicial review to challenge the statutory language, construction and

15   enforcement of 26 U.S.C. § 6331."

16        Section 6331 addresses levies for tax collection. Mr. Clark fails to connect it to invoke this

17   Court's subject matter jurisdiction. Section 6331's reference to federal employees demonstrates that they

18   are subject to levy similar to non-federal employees. A suggestion that the "power to levy only applies

19   to the 'salary or wages' of a federal employee" is "absurd." *Rogers v. Vicuna*, 264 F.3d 1, 6 (1ˢᵗ Cir.

20   2001). The Government correctly notes the inapplicability of the APA to establish this Court's

21   jurisdiction as to Mr. Clark's purported claims.

22                          **Attempt At Amendment And Malice**

23        Mr. Clark raises numerous impertinent arguments, and this Court's subject matter jurisdiction

24   is not invoked by Mr. Clark's points regarding administrative exhaustion, procedural challenges,

25   deficiency, lien or levy notices, quiet title actions, the Anti-Injunction Act, and Social Security number

26   disclosure. Mr. Clark pursues meritless claims in the absence of this Court's subject matter jurisdiction.

27   Mr. Clark is unable to cure his claims by allegation of other facts and thus is not granted an attempt to

28   amend.

1    Moreover, this Court is concerned that Mr. Clark has brought this action in absence of good faith

2    and that Mr. Clark exploits the court system solely for delay or to vex defendants.  The test for

3    maliciousness is a subjective one and requires the court to "determine the . . . good faith of the

4    applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795

5    F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has

6    inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of

7    good faith or malice also can be inferred from a complaint containing untrue material allegations of fact

8    or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th

9    Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action.

10                            **CONCLUSION AND ORDER**

11    For the reasons discussed above, this Court:

12    1.    DISMISSES this action with prejudice; and

13    2.    DIRECTS the clerk to enter judgment against plaintiff Jack Clark and in favor of

14          defendants United States of America, Internal Revenue Service and Dennis Stiffler and

15          to close this action.

16    IT IS SO ORDERED.

17    **Dated:    April 22, 2010**              /s/ Lawrence J. O'Neill
18                                       UNITED STATES DISTRICT JUDGE

13